UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

| | |
|---|---|
| CASSANDRA ALEXANDER and EDD ALEXANDER,<br><br>                               Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK, SGT. DAMON MARTIN; SGT. JAMES PRIORE; OFFICER MANNY SHARMA; and OFFICER DOES 1-5<br><br>                               Defendants. | **ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, JAMES PRIORE, MANNY SHARMA, AND DAMON MARTIN**<br><br>21-CV-5816 (WFK) (RLM)<br><br>**JURY TRIAL DEMANDED** |

------------------------------------------------------------------- x

        Defendants City of New York ("City"), James Priore, Manny Sharma, and Damon Martin (collectively "defendants"), by their attorney, Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, as and for their answer to plaintiffs' amended complaint, dated April 1, 2022 (the "amended complaint"), respectfully allege, upon information and belief, the following:

1.     Deny the allegations set forth in paragraph "1" of the amended complaint, except admit only that plaintiffs purport to proceed as stated therein.

2.     Deny the allegations set forth in paragraph "2" of the amended complaint.

3.     Deny the allegations set forth in paragraph "3" of the amended complaint, except admit, that defendant Damon Martin retired from the New York City Police Department ("NYPD").

4.     Deny the allegations set forth in paragraph "4" of the amended complaint.

5.     Deny the allegations set forth in paragraph "5" of the amended complaint.

6. Deny the allegations set forth in paragraph "6" of the amended complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court, and to proceed as stated therein.

7. Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that plaintiffs purport to base venue as stated therein.

8. Paragraph "8" of the amended complaint does not set forth an averment of fact to which a response is required.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the amended complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the amended complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the amended complaint, except admit, upon information and belief, that the City of New York is a municipal entity organized under the laws of the State of New York and that it maintains a police department; defendants further respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the NYPD.

12. To the extent the allegations set forth in paragraph "12" of the amended complaint contain legal conclusions, no response is required, except admit that defendant Damon Martin was employed by the City of New York on or about February 7, 2019, and that plaintiffs purport to proceed as stated therein.

13. To the extent the allegations set forth in paragraph "13" of the amended complaint contain legal conclusions, no response is required, except admit that, upon information and belief,

James Priore was employed by the City of New York in or about February 2019, and that plaintiffs purport to proceed as stated therein.

14. To the extent the allegations set forth in paragraph "14" of the amended complaint contain legal conclusions, no response is required, except admit that, upon information and belief, Manny Sharma was employed by the City of New York in or about February 2019, and that plaintiffs purport to proceed as stated therein.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the amended complaint as they pertain to unidentified "Doe" defendants, except admit that plaintiffs purport to proceed as stated therein.

16. Paragraph "16" of the amended complaint does not set forth an averment of fact to which a response is required.

17. Paragraph "17" of the amended complaint does not set forth an averment of fact to which a response is required.

18. Paragraph "18" of the amended complaint contains legal conclusions rather than averments of fact and, accordingly, no response thereto is required.

19. Paragraph "19" of the amended complaint contains legal conclusions rather than averments of fact and, accordingly, no response thereto is required.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the amended complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the amended complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the amended complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the amended complaint.

24. Deny the allegations set forth in paragraph "24" of the amended complaint, except admit, upon information and belief, that on or about February 7, 2019, while at the NYPD 75th Precinct, Octavia Miller-Griffith made a complaint related to an incident that occurred on or about February 5, 2019, stated that she lived with plaintiff, Cassandra Alexander in a residence, located at 230 Highland Place, Apartment 3R, Brooklyn, New York (the "residence"), and claimed that plaintiff, Cassandra Alexander, sold marijuana and possessed a firearm in the residence.

25. Deny the allegations set forth in paragraph "25" of the amended complaint, except admit that James Priore, Manny Sharma, and Damon Martin went to the residence on or about February 7, 2019.

26. Deny the allegations set forth in paragraph "26" of the amended complaint, except admit that James Priore, Manny Sharma, and Damon Martin went to the residence on or about February 7, 2019.

27. Deny the allegations set forth in paragraph "27" of the amended complaint.

28. Deny the allegations set forth in paragraph "28" of the amended complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the amended complaint.

30. Deny the allegations set forth in paragraph "30" of the amended complaint.

31. Paragraph "31" of the amended complaint contains legal conclusions rather than averments of fact and, accordingly, no response thereto is required.

32. Deny the allegations set forth in paragraph "32" of the amended complaint.

33. Deny the allegations set forth in paragraph "33" of the amended complaint.

34. Deny the allegations set forth in paragraph "34" of the amended complaint, except admit that plaintiff, Edd Alexander, was handcuffed and arrested on or about February 7, 2019.

35. Deny the allegations set forth in paragraph "35" of the amended complaint.

36. Deny the allegations set forth in paragraph "36" of the amended complaint.

37. Deny the allegations set forth in paragraph "37" of the amended complaint, except admit, upon information and belief, that on or about February 7, 2019, Manny Sharma observed a substance believed to be marijuana in a bedroom inside the residence.

38. Deny the allegations set forth in paragraph "38" of the amended complaint and further state that to the extent the allegations contain legal conclusions, no response is required.

39. Deny the allegations set forth in paragraph "39" of the amended complaint.

40. Deny the allegations set forth in paragraph "40" of the amended complaint.

41. Deny the allegations set forth in paragraph "41" of the amended complaint, except admit that a search warrant application of the residence was made.

42. Deny, upon information and belief, the allegations set forth in paragraph "42" of the amended complaint.

43. Deny, upon information and belief, the allegations set forth in paragraph "43" of the amended complaint; and further refer the Court to the referenced search warrant affidavit for a more accurate and complete recitation of its contents.

44. Deny, upon information and belief, the allegations set forth in paragraph "44" of the amended complaint; and further refer the Court to the referenced search warrant affidavit for a more accurate and complete recitation of its contents.

45. Deny, upon information and belief, the allegations set forth in paragraph "45" of the amended complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the amended complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the amended complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the amended complaint; except admit, upon information and belief, that the criminal case against plaintiff, Edd Alexander, was dismissed.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the amended complaint; except admit, upon information and belief, that the criminal case against plaintiff, Cassandra Alexander, was dismissed pursuant to an Adjournment in Contemplation of Dismissal.

50. Deny the allegations set forth in paragraph "50" of the amended complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the amended complaint, and further refer the Court to the cited sources for a more accurate and complete recitation of their content.

52. Deny the allegations set forth in paragraph "52" of the amended complaint.

53. Deny the allegations set forth in paragraph "53" of the amended complaint.

54. In response to the allegations set forth in paragraph "54" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the amended complaint.

56. Deny the allegations set forth in paragraph "56" of the amended complaint.

57. Deny the allegations set forth in paragraph "57" of the amended complaint.

58. Deny the allegations set forth in paragraph "58" of the amended complaint.

59. In response to the allegations set forth in paragraph "59" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the amended complaint.

61. Deny the allegations set forth in paragraph "61" of the amended complaint.

62. Deny the allegations set forth in paragraph "62" of the amended complaint.

63. Deny the allegations set forth in paragraph "63" of the amended complaint.

64. In response to the allegations set forth in paragraph "64" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the amended complaint.

66. Deny the allegations set forth in paragraph "66" of the amended complaint.

67. Deny the allegations set forth in paragraph "67" of the amended complaint.

68. Deny the allegations set forth in paragraph "68" of the amended complaint.

69. Deny the allegations set forth in paragraph "69" of the amended complaint.

70. Deny the allegations set forth in paragraph "70" of the amended complaint.

71. In response to the allegations set forth in paragraph "71" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

72. Deny the allegations set forth in paragraph "72" of the amended complaint.

73. Deny the allegations set forth in paragraph "73" of the amended complaint.

74. Deny the allegations set forth in paragraph "74" of the amended complaint.

75. Deny the allegations set forth in paragraph "75" of the amended complaint.

76. In response to the allegations set forth in paragraph "76" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

77. Deny the allegations set forth in paragraph "77" of the amended complaint.

78. Deny the allegations set forth in paragraph "78" of the amended complaint.

79. Deny the allegations set forth in paragraph "79" of the amended complaint.

80. Deny the allegations set forth in paragraph "80" of the amended complaint.

81. Deny the allegations set forth in paragraph "81" of the amended complaint.

82. Deny the allegations set forth in paragraph "82" of the amended complaint.

83. In response to the allegations set forth in paragraph "83" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

84. Deny the allegations set forth in paragraph "84" of the amended complaint.

85. Deny the allegations set forth in paragraph "85" of the amended complaint.

86. Deny the allegations set forth in paragraph "86" of the amended complaint.

87. Deny the allegations set forth in paragraph "87" of the amended complaint.

88. Paragraph "88" of the amended complaint does not contain an averment of fact to which a response is required; defendants further refer the Court to the cited material for a more accurate and complete recitation of its facts.

89. Paragraph "89" of the amended complaint does not contain an averment of fact to which a response is required; defendants further refer the Court to the cited material for a more accurate and complete recitation of its facts.

90. Paragraph "90" of the amended complaint does not contain an averment of fact to which a response is required; defendants further refer the Court to the cited material for a more accurate and complete recitation of its facts.

91. Paragraph "91" of the amended complaint does not contain an averment of fact to which a response is required; defendants further refer the Court to the cited material for a more accurate and complete recitation of its facts.

92. Paragraph "92" of the amended complaint does not contain an averment of fact to which a response is required; defendants further refer the Court to the cited material for a more accurate and complete recitation of its facts.

93. Paragraph "93" of the amended complaint does not contain an averment of fact to which a response is required.

94. Paragraph "94" of the amended complaint does not contain an averment of fact to which a response is required; defendants further refer the Court to the cited material for a more accurate and complete recitation of its facts.

95. Paragraph "95" of the amended complaint does not contain an averment of fact to which a response is required; defendants further refer the Court to the cited material for a more accurate and complete recitation of its facts.

96. Paragraph "96" of the amended complaint does not contain an averment of fact to which a response is required.

97. Paragraph "97" of the amended complaint does not contain an averment of fact to which a response is required; defendants further refer the Court to the cited material for a more accurate and complete recitation of its facts.

98. Paragraph "98" of the amended complaint does not contain an averment of fact to which a response is required; defendants further refer the Court to the cited material for a more accurate and complete recitation of its facts.

99. Paragraph "99" of the amended complaint does not contain an averment of fact to which a response is required; defendants further refer the Court to the cited material for a more accurate and complete recitation of its facts.

100. Deny the allegations set forth in paragraph "100" of the amended complaint.

101. Paragraph "101" of the amended complaint does not contain an averment of fact to which a response is required; defendants further refer the Court to the cited material for a more accurate and complete recitation of its facts.

102. Paragraph "102" of the amended complaint does not contain an averment of fact to which a response is required.

103. Deny the allegations set forth in paragraph "103" of the amended complaint.

104. Paragraph "104" of the amended complaint does not contain an averment of fact to which a response is required; defendants further refer the Court to the cited material for a more accurate and complete recitation of its facts.

105. Paragraph "105" of the amended complaint does not contain an averment of fact to which a response is required; defendants further refer the Court to the cited material for a more accurate and complete recitation of its facts.

106. Paragraph "106" of the amended complaint does not contain an averment of fact to which a response is required; defendants further refer the Court to the cited material for a more accurate and complete recitation of its facts.

107. Paragraph "107" of the amended complaint does not contain an averment of fact to which a response is required; defendants further refer the Court to the cited material for a more accurate and complete recitation of its facts.

108. Paragraph "108" of the amended complaint does not contain an averment of fact to which a response is required; defendants further refer the Court to the cited material for a more accurate and complete recitation of its facts.

109. Deny the allegations set forth in paragraph "109" of the amended complaint.

110. Deny the allegations set forth in paragraph "110" of the amended complaint.

111. In response to the allegations set forth in paragraph "111" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

112. Deny the allegations set forth in paragraph "112" of the amended complaint.

113. Deny the allegations set forth in paragraph "113" of the amended complaint.

114. Deny the allegations set forth in paragraph "114" of the amended complaint.

115. Deny the allegations set forth in paragraph "115" of the amended complaint.

116. Deny the allegations set forth in paragraph "116" of the amended complaint.

117. Deny the allegations set forth in paragraph "117" of the amended complaint.

## FIRST AFFIRMATIVE DEFENSE

118. The amended complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

119. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political division thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

120. There was probable cause for plaintiffs' arrest, detention, and any prosecution.

## FOURTH AFFIRMATIVE DEFENSE

121. Punitive damages cannot be assessed against defendant City.

## FIFTH AFFIRMATIVE DEFENSE

122. To the extent that a plaintiff's residence was entered, there was probable cause and/or exigent circumstances justifying such entry, and/or permission was given to enter, and/or a search warrant was issued permitting entry.

## SIXTH AFFIRMATIVE DEFENSE

123. Plaintiffs provoked or were at fault for any alleged incident.

## SEVENTH AFFIRMATIVE DEFENSE

124. Defendants James Priore, Manny Sharma, and Damon Martin did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## EIGHTH AFFIRMATIVE DEFENSE

125. Plaintiffs failed to state a viable claim under Monell v. Dep't of Social Servs., 436 U.S. 658 (1978).

## NINETH AFFIRMATIVE DEFENSE

126. At all times relevant to the acts alleged in the amended complaint, defendants James Priore, Manny Sharma, and Damon Martin acted reasonably in the proper and lawful exercise of their discretion.

### TENTH AFFIRMATIVE DEFENSE

127. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct, or the culpable or negligent conduct of a third party, and was not the proximate result of any act of the defendants

### ELEVENTH AFFIRMATIVE DEFENSE

128. Plaintiffs may have failed to mitigate their alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE

129. Any force used was reasonable, necessary, and justified.

**\*\*SPACE INTENTIONALLY LEFT BLANK\*\***

**WHEREFORE**, defendants demand judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 12, 2022

HON. SYLVIA O. HINDS-RADIZ
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, James Priore, Manny Sharma, and Damon Martin*
100 Church Street
New York, New York 10007
(212) 356-2386
rlouis@law.nyc.gov

_____
Ramy Louis
*Senior Counsel*

cc: Robert Rickner, Esq. (VIA ECF)

14