Index No. 21-CV-5816

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASSANDRA ALEXANDER et al.,

Plaintiffs,

-against-

CITY OF NEW YORK et al.,

Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
  *Attorney for Defendants City, Sharma, Martin, and Priore*
  *100 Church Street*
  *New York, N.Y.  10007*

  *Of Counsel:  Andrea Osgood*
  *Tel:  (212) 356-2424*

## **TABLE OF CONTENTS**

                                                          **Page**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT

    POINT I

        PLAINTIFF FAILS TO COMPLY WITH LOCAL RULE 56.1 ................................................................................................... 1

    POINT II

        PLAINTIFFS' FAILURE TO INTERVENE, CONSPIRACY, MONELL, FALSE ARREST, AND BRADY CLAIMS SHOULD BE DISMISSED AS ABANDONED ............................................................. 2

    POINT III

        DEFENDANTS DID NOT UNLAWFULLY SEARCH THE APARTMENT .................................................................. 3

    POINT IV

        PLAINTIFFS FABRICATION OF EVIDENCE CLAIM FAILS .................................................................................. 4

    POINT V

        PLAINTIFFS' EXCESSIVE DETENTION CLAIM MUST BE DISMISSED BECAUSE THEY HAVE NOT ESTABLISHED THAT THE LENGTH OF THEIR DETENTION WAS UNREASONABLE ...................................... 5

    POINT VI

        THERE WERE EXIGENT CIRCUMSTANCES JUSTIFYING DEFENDANTS' ENTRY INTO THE APARTMENT AND DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ............................................. 7

**Page**

POINT VII

    PLAINTIFF CASSANDRA ALEXANDER'S EXCESSIVE FORCE CLAIM BASED ON TIGHT HANDCUFFING MUST BE DISMISSED.............................................. 10

CONCLUSION............................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                           **Pages**

Bannister v. Giuffre,
   18-CV-7285 (EK) (ST), 2022 U.S. Dist. LEXIS 239373
   (E.D.N.Y. Oct. 26, 2022)..................................................................................................10

Barnes v. City of New York,
   13-CV-7283 (GBD) (JLC), 2015 U.S. Dist. LEXIS 87007
   (S.D.N.Y. July 2, 2015) ......................................................................................................4

Bryant v. City of New York,
   404 F.3d 128 (2d Cir. 2005)................................................................................................5

CA, Inc. v. New Relic, Inc.,
   No.CV 12-5468 (AKT), 2015 U.S. Dist. LEXIS 194427
   (E.D.N.Y. Sept. 28, 2015)...................................................................................................3

Case v. City of New York,
   233 F. Supp. 3d 372 (S.D.N.Y. 2017).................................................................................7

Cifarelli v. Village of Babylon,
   93 F.3d 47 (2d Cir. 1996)....................................................................................................1

County of Riverside v. McLaughlin,
   500 U.S. 44 (1991)..............................................................................................................6

Creighton v. City of New York,
   12 Civ. 7454 (PGG), 2017 U.S. Dist. LEXIS 21194
   (S.D.N.Y. Feb. 14, 2017)....................................................................................................4

Davenport v. City of New York,
   15-CV-5890 (MKB), 2017 U.S. Dist. LEXIS 160412
   (E.D.N.Y. Sept. 28, 2017)...................................................................................................4

Giannullo v. City of New York,
   322 F.3d 139 (2d Cir. 2003)............................................................................................1, 2

Giglio v. Buonnadonna ShopRite, LLC,
   06-CV-5191 (JS)(ARL), 2009 U.S. Dist. LEXIS 90111
   (E.D.N.Y. Sept. 25, 2009)...................................................................................................2

Gonzalez v. Bratton,
   147 F. Supp. 2d 180 (S.D.N.Y. 2001).................................................................................7

Hardy v. City of New York,
   732 F. Supp. 2d 112 (E.D.N.Y. 2010).................................................................................3

**Cases**                                                                                              **Pages**

Harris v. Nassau County,
    No. 13-CV-4728, 2016 U.S. Dist. LEXIS 68136
    (E.D.N.Y. May 23, 2016) ...................................................................................10

Harris v. O'Hare,
    770 F.3d 224 (2d Cir. 2014) ................................................................................7

Horton v. California,
    496 U.S. 128 (1990) .............................................................................................3

Jackson v. City of New York,
    29 F. Supp. 3d 161 (E.D.N.Y. 2014) .....................................................................8

Jones v. King,
    No. 10-Civ.-0897, 2011 U.S. Dist. LEXIS 110980
    (S.D.N.Y. Sept. 28, 2011) ....................................................................................6

Lugo v. City of New York,
    16 Civ. 6340 (ENV) (VMS) 2020 U.S. Dist. LEXIS 153426
    (E.D.N.Y. Aug. 21, 2020) ................................................................................ 2-3

People v. Richardson,
    132 A.D.3d. 1313 (N.Y. App. Div. 2015) ............................................................9

People v. Vernon B.,
    38 Misc. 3d 343 (Kings Cty. Crim. Ct. 2012) ......................................................9

Rattray v. City of New York,
    17-CV-8560 (PGG) (KHP), 2022 U.S. Dist. LEXIS 166312
    (S.D.N.Y. Sept. 14, 2022) ....................................................................................9

Rivera v. Leto,
    04 Civ. 7072 (PGG), 2008 U.S. Dist. LEXIS 96680
    (S.D.N.Y. Nov. 25, 2008) ....................................................................................9

Scotto v. Almenas,
    143 F.3d 105 (2d Cir. 1998) ................................................................................1

Taylor v. City of New York,
    269 F. Supp. 2d 68 (E.D.N.Y. 2003) ....................................................................3

Tierney v. Davidson,
    133 F.3d 189 (2d Cir. 1998) ................................................................................8

United States v. Delva,
    858 F.3d 135 (2d Cir. 2017) ................................................................................3

| **Statues** | **Pages** |
|---|---|
| Fed. R. Civ. P. 56 | 11 |
| Local Civ. R. 56.1 | 1 |

**PRELIMINARY STATEMENT**

In their Memorandum of Law in Opposition to defendants' motion for summary judgment, plaintiffs advance multiple flawed arguments, premised on a clear misunderstanding of defendants' position and a distorted interpretation of case law. Plaintiffs argue that: (1) defendants' observations of contraband in plain view constituted a search; (2) the prosecutor would not have gone forward with their prosecutions if the prosecutor knew about the alleged material omissions made in the warrant affidavit; (3) their detentions were excessive because they were not arraigned within 24 hours, despite the fact that detentions under 48 hours are presumptively reasonable; (4) no exigent circumstances existed to enter the apartment, despite defendants having received credible information that Cassandra Alexander had a gun and sold marihuana out of the apartment; and (5) Cassandra Alexander's excessive force claim based on tight handcuffing meets the high threshold required under the law. None of plaintiffs' arguments are compelling and defendants' motion for summary judgment should be granted in its entirety.

**ARGUMENT**

**POINT I**

**PLAINTIFF FAILS TO COMPLY WITH LOCAL RULE 56.1**

A party's failure to comply with the requirements of Local Rule 56.1 is not merely a technicality, but a fatal omission that leads to and often requires dismissal of plaintiff's claims. Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003). Plaintiff cannot create a genuine issue of material fact and/or defeat defendants' motion by simply relying on conclusory allegations, argumentative statements, or "unsubstantiated speculation." Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998); Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996) ("mere conclusory allegations, speculation or conjecture will not avail a party

resisting summary judgment"). In those instances where plaintiff provides nothing more than non-responsive responses, conclusory allegations and/or legal argument, plaintiff's denials should be disregarded and defendants' 56.1 statements should be deemed admitted.[1] See Giannullo, 322 F.3d at 140 (unsupported allegation in 56.1 Statement must be disregarded); see also Giglio v. Buonnadonna ShopRite, LLC, 06-CV-5191 (JS)(ARL), 2009 U.S. Dist. LEXIS 90111, at *1-2 n. 1 (E.D.N.Y. Sept. 25, 2009) (defendant's 56.1 Statements deemed admitted where plaintiff's counter statement of facts did not cite to admissible evidence, relied on unsupported conclusory allegations, and was non-responsive to the facts asserted by defendants).

## POINT II

### PLAINTIFFS' FAILURE TO INTERVENE, CONSPIRACY, MONELL, FALSE ARREST, AND BRADY CLAIMS SHOULD BE DISMISSED AS ABANDONED

Plaintiffs contend that half of the arguments in defendants' motion for summary judgment are irrelevant because (1) their claim for false arrest is actually a claim for over detention, not a claim that they were arrested without probable cause; (2) they would have agreed to dismiss their failure to intervene and conspiracy claims if defendants had only asked; (3) they already agreed to dismiss their Monell claim but defendants did not procure a stipulation of dismissal; and (4) their Brady claim is not a "traditional Brady claim." First, it is unclear why defendants were required to alert plaintiffs to their inviable claims and/or provide them with a stipulation of dismissal for *their* claims that they clearly knew did not pass muster. Regardless, the Court should deem plaintiffs' failure to intervene, conspiracy, and Monell claims, dismissed as plaintiffs have now withdrawn those claims. See, generally Lugo v. City of New York, 16

---

[1] Specifically, see, Plaintiff's Response to Defendants' Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 at ¶¶ 7, 11, 12, 16, 18, 19, 20, 21, 22, 25, 26, 27, 31, 33, 34, 35, 36, 39, 41, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 55, 58, 59, 60, 63, 65, 66, 67, 68, 69, and 70.

Civ. 6340 (ENV) (VMS), 2020 U.S. Dist. LEXIS 153426 at *29-30 (E.D.N.Y. Aug. 21, 2020). Second, the Court should deem as abandoned and dismiss any of plaintiffs' remaining claims that they failed to argue in their opposition, such as "traditional" false arrest and Brady. CA, Inc. v. New Relic, Inc., No.CV 12-5468 (AKT), 2015 U.S. Dist. LEXIS 194427 at *70 (E.D.N.Y. Sept. 28, 2015) (citing Hardy v. City of New York, 732 F. Supp. 2d 112, 125 (E.D.N.Y. 2010) ("[f]ederal courts have the discretion to deem a claim abandoned 'when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way'")(quoting Taylor v. City of New York, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003)).

## POINT III

### DEFENDANTS DID NOT UNLAWFULLY SEARCH THE APARTMENT

Plaintiffs wrongfully claim that defendants conducted a warrantless search of the 230 Highland Place apartment on February 7, 2019 after they were arrested. Plaintiffs' argument lacks merit as they have set forth no indisputable evidence that defendants searched their apartment after their arrests. Instead, plaintiffs seem to suggest that once defendants entered the apartment, they were under an obligation to shield their eyes so as not to observe contraband in plain view. This suggestion is preposterous, not in accordance with the law, and should be summarily disregarded by the Court. U.S. v. Delva, 858 F.3d 135, 149 (2d Cir. 2017) ("'If an article is already in plain view, neither its observation nor its seizure would involve any invasion of privacy'") (quoting Horton v. California, 496 U.S. 128, 133 (1990)). In fact, body worn camera footage indisputably shows that no unlawful search was conducted. Accordingly, plaintiffs' unlawful search claim must be dismissed.

## POINT IV

### PLAINTIFFS FABRICATION OF EVIDENCE CLAIM FAILS

Plaintiffs assert that, had defendant Sharma not made allegedly material omissions in the warrant application, the prosecutor would have either not gone forward with a prosecution of plaintiffs or criminal defense counsel would have had "powerful cross-examination" material based on these purported admissions, should the case have proceeded to trial. Plaintiffs' bold proclamations – which are nothing more than rank speculation – do not undermine the validity of the warrant and accordingly, this claim must be dismissed. Barnes v. City of New York, 13-CV-7283 (GBD) (JLC), 2015 U.S. Dist. LEXIS 87007 at *37 (S.D.N.Y. July 2, 2015).

Importantly, plaintiffs' opposition makes two crucial missteps. First, any suggestion that the prosecutor endorsed plaintiffs' self-serving contentions that the entry into the subject apartment was unlawful and accordingly a criminal prosecution should not have ensued is patently false. At best, plaintiffs were able to get the assigned prosecutor to sign an affidavit generally stating that the prosecutor's office would not commence a prosecution where underlying evidence was obtained unlawfully. However, such flimsy assertions, without more, are not sufficient to undermine the warrant application and/or the commencement of the plaintiff's criminal prosecutions and do not meet the standard required for a fabrication of evidence claim. Davenport v. City of New York, 15-CV-5890 (MKB), 2017 U.S. Dist. LEXIS 160412 at *52 (E.D.N.Y. Sept. 28, 2017) ("speculation and innuendo are not sufficient to defeat summary judgment") (quoting Creighton v. City of New York, 12 Civ. 7454 (PGG), 2017 U.S. Dist. LEXIS 21194 at *32 (S.D.N.Y. Feb. 14, 2017). Second, it cannot be disputed that the prosecutor's office was in possession of the body worn camera footage – which plaintiffs claim

4

clearly demonstrates the purported illegality of defendants' conduct – thus, they were aware of the circumstances of the entry firsthand and made their own assessment of the viability of the criminal prosecutions. Accordingly, plaintiffs claim must be dismissed as they cannot demonstrate that Detective Sharma intentionally forwarded inaccurate information to the prosecutor, that any alleged misstatement by Detective Sharma was material, or that plaintiff's suffered a deprivation of liberty attendant to the alleged false statement above and beyond the deprivation of liberty flowing from their criminal prosecutions.

## POINT V

### PLAINTIFFS' EXCESSIVE DETENTION CLAIM MUST BE DISMISSED BECAUSE THEY HAVE NOT ESTABLISHED THAT THE LENGTH OF THEIR DETENTION WAS UNREASONABLE

Plaintiffs cherry pick language and distort defendants' position in a futile attempt to argue that plaintiffs' detentions were unreasonable. However, none of their arguments are availing and they have failed to raise a material dispute of fact. First, contrary to plaintiffs' contentions, defendants do not "have the law wrong" in stating that a detention of less than 48 hours is presumptively reasonable. Curiously, the case that plaintiffs cite to in support of this self-serving argument is Bryant v. City of New York,[2] which stands for the very proposition that a detention is presumptively reasonable if it is less than 48 hours. In fact, the court in Bryant stressed that, in evaluating whether a detention was reasonable, "courts….cannot ignore the often unavoidable delays in transporting arrested persons from one facility to another, handling late-night bookings where no magistrate is readily available, obtaining the presence of an arresting officer who may be busy processing other suspects or securing the premises of an arrest, and

---

[2] 404 F.3d 128 (2d Cir. 2005).

other practical realities." Id. at 137-38 (quoting County of Riverside v. McLaughlin, 500 U.S. 44, 56-7 (1991)).

Importantly, plaintiffs' motion is devoid of any facts indicating that Sergeants Martin and/or Priore excessively delayed their arraignments at all and, as such, this claim should be dismissed against them. See, e.g., Jones v. King, No. 10-Civ.-0897, 2011 U.S. Dist. LEXIS 110980, at *7 (S.D.N.Y. Sept. 28, 2011) (dismissing claim of excessive pre-arraignment detention against arresting officers because plaintiff failed to allege facts supporting the defendants' personal involvement in delaying the plaintiff's detention). Further, besides their own self-serving conclusory allegations, plaintiffs have failed adduce any evidence demonstrating that Detective Sharma delayed plaintiffs' arraignments due to ill-will or malice, which a plaintiff is required to do in order to show that a detention of less than 48 hours was unreasonable. McLaughlin, 500 U.S. at 56 (holding that an arrested individual must prove that his or her probable cause determination was delayed unreasonably, which can be done by showing by showing "delay[] for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake").

Moreover, plaintiffs' claims that Detective Sharma delayed their arraignments for the purpose of obtaining a search warrant and/or gathering evidence for weapons charges similarly fails. Here, plaintiffs were properly in police custody for the reported assault of Cassandra's daughter. Additionally, both plaintiffs required medical treatment and were transported to a hospital during the time that they were in custody. Crucially, plaintiffs have neither adduced in this litigation, nor provided in their opposition, any evidence as to how their arraignment time was affected by their hospital visits, nor when they allegedly would have been arraigned on the assault charges had officers not obtained and executed a search warrant.

6

Plaintiffs bear the burden of proof and cannot overcome the 48-hour presumption of reasonableness under federal law, or demonstrate ill-will or delay for delay's sake, simply by reference to the fact that the presumptive threshold for arraignment in New York state is 24 hours, barring unforeseen circumstances.

Plaintiffs' reliance on Case v. City of New York, 233 F. Supp. 3d 372 (S.D.N.Y. 2017), and Gonzalez v. Bratton, 147 F. Supp. 2d 180 (S.D.N.Y. 2001), is misplaced. Case involved a motion to dismiss wherein the court simply found that plaintiff's allegations that officers detained their arraignment for 15 to 20 hours to prevent plaintiff from protesting *could* plausibly set forth an excessive detention claim – the instant matter is well past the pleading stage. In Gonzalez, the court did not find that there was an excessive pre-arraignment detention as a matter of law, instead evidence that officers deliberately delayed a plaintiff's arraignment was presented at trial resulting in a jury verdict. Unlike Case or Gonzalez, plaintiffs have not adduced or identified any evidence demonstrating that Detective Sharma delayed plaintiffs' arraignment beyond the presumptively reasonable 48 hour limit, that he delayed plaintiffs' arraignment at all, or that he delayed plaintiffs' arraignment out of malice, ill will or any other wrongdoing. As such, plaintiffs cannot meet their burden and this claim should be dismissed.

## POINT VI

**THERE WERE EXIGENT CIRCUMSTANCES JUSTIFYING DEFENDANTS' ENTRY INTO THE APARTMENT AND DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY**

Plaintiffs have failed to raise any dispute of material fact regarding plaintiffs' unlawful entry claim. Instead, plaintiffs rely on Harris v. O'Hare,[3] for the blanket principle that the presence of a gun does not constitute an exigency and misstate defendants' position – that the

---

[3] 770 F.3d 224 (2d Cir. 2014).

7

presence of a gun in Cassandra's home was the sole exigency. Plaintiffs further argue that defendants could not have been concerned about any potential danger associated with the reported gun or the destruction of evidence, and thus no exigent circumstance existed, because: (1) none of the officers testified that they felt like they were in actual danger, (2) Edd remained in the apartment while defendants spoke to Cassandra in the hallway, (3) Cassandra had not been violent during their encounter and said that she was only going inside the apartment to check on her dinner, and (4) Sergeant Martin did not believe that he could get a search warrant with the information he was in possession of. Plaintiffs interpretation of the facts and law are patently wrong.

    The situation here, when viewed in its full context, clearly created an exigent circumstance warranting entry into the apartment. See Jackson v. City of New York, 29 F. Supp. 3d 161, 174 (E.D.N.Y. 2014) ("whether exigent circumstances existed at the time of the warrantless entry is evaluated on an objective basis, and 'must be applied by reference to the circumstances then confronting the officer, including the need for a prompt assessment of sometimes ambiguous information concerning potentially serious consequences'") (quoting Tierney v. Davidson, 133 F.3d 189, 196-97 (2d Cir. 1998))." First, as to the presence of Edd in the apartment, Cassandra never confirmed that Edd was in the apartment and, thus, defendants were not aware that Edd was there prior to seeing him in the apartment. See Pl.Ex. 12. Second, Cassandra had been accused of assaulting her own daughter so it was reasonable to be cautious of her and defendants had no obligation to believe that she was going into the apartment to check on her dinner. Third, Sergeant Martin's thoughts on whether the District Attorney's Office would seek a search warrant based on the allegations of the complaining victim are irrelevant, especially since the search warrant affidavit was, in fact, ultimately based on the victim's

8

allegations. Finally, whether the officers subjectively believed that they were in "actual danger" is irrelevant to whether an exigent circumstance existed. See Rattray v. City of New York, 17-CV-8560 (PGG) (KHP), 2022 U.S. Dist. LEXIS 166312 at *13-14, (S.D.N.Y. Sept. 14, 2022) (quoting Rivera v. Leto, 04 Civ. 7072 (PGG), 2008 U.S. Dist. LEXIS 96680 at *4, n.4 (S.D.N.Y. Nov. 25, 2008)).

It cannot be disputed that when Ms. Miller-Griffith went to the 75th Precinct on February 7, 2019, she reported an earlier assault of her by plaintiffs, that she saw a gun on Cassandra's bed on February 5, 2019, that Cassandra had previously threatened her with a gun, and that Cassandra sold marihuana out of the apartment. When defendants engaged with Cassandra in the hallway outside of the apartment, they apprised her of that fact that her daughter had alleged that she was assaulted by plaintiffs. After learning of this prior assault, Cassandra went back into the apartment and attempted to close the door. At the time that the defendants found themselves in the position of arresting Cassandra for the assault on her daughter, they were also faced with an arrestee inside of an apartment in which there is credible evidence to believe there was a gun. That being the case, there was an urgent need to enter the apartment for the purposes of quickly apprehending plaintiffs in order to avoid them retrieving the gun and potentially creating a dangerous situation and/or destroying evidence. Pl.Ex.4 at 111:18-25; 112:2-4; Pl.Ex. 3 at 38:5-24; 39:3-12; Pl.Ex. 5 at 50:16-23.

Plaintiffs further attempt to argue that no exigent circumstances existed by suggesting that Richardson[4] and Vernon B.[5] are "inapposite." However, plaintiffs cite to no authority – federal or otherwise – showing that an exigent circumstance did not exist here. To the

---

[4] 132 a.d.3d 1313 (4th dept. 2015).

[5] 38 misc. 3d 343 (kings county crim. ct. 2012).

9

contrary, those cases are instructive, in that they provide examples of the types of situations – similar to the situation here – where a court found that exigent circumstances existed to enter without a warrant.

Finally, defendants are entitled to qualified immunity. As an initial matter, plaintiffs have not cited to any cases significantly similar to the underlying facts here wherein the Supreme Court found a lack of exigency and reasonable officers could surely disagree as to whether exigent circumstances arose to enter the apartment when, while knowing that there was evidence inside the apartment that could be disposed of, or a firearm that could be used, Cassandra attempted to flee inside her apartment after being advised that her daughter reported to police that she was assaulted by plaintiffs two days prior.

## POINT VII

### PLAINTIFF CASSANDRA ALEXANDER'S EXCESSIVE FORCE CLAIM BASED ON TIGHT HANDCUFFING MUST BE DISMISSED

The glaring lack of evidence in the record to support Cassandra Alexander's claim that she suffered an injury as to purported tight handcuffing is fatal to her excessive force claim. It is well settled that "'[i]n the Second Circuit, plaintiffs face a high threshold for excessive force claims based on tight handcuffs,'" Bannister v. Giuffre, 18-CV-7285 (EK) (ST), 2022 U.S. Dist. LEXIS 239373 at *6 (E.D.N.Y. Oct. 26, 2022) (quoting Harris v. Nassau Cnty., No. 13-CV-4728, 2016 U.S. Dist. LEXIS 68136 at *29 (E.D.N.Y. May 23, 2016), and the plaintiff must establish that she suffered from a lasting injury. Id. Plaintiff's testimony that she suffered an injury, without more, is insufficient to do so. Since Cassandra Alexander cannot prove that she suffered a lasting injury as a result of the handcuffing, summary judgment must be granted on her excessive force claim.

**CONCLUSION**

For the reasons stated herein, and in Defendants' Memorandum of Law, dated January 9, 2023, defendants respectfully request that the Court grant their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Dated:   New York, New York
         April 10, 2023

                                    HON. SYLVIA O. HINDS-RADIX
                                    Corporation Counsel of the City of New York
                                    *Attorney for Defendants City, Sharma, Martin, and Priore*
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 356-2424

                            By:     /s/ *Andrea Osgood*
                                    Andrea Osgood
                                    *Senior Counsel*

cc:   All Counsel of Record (Via ECF)