UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CASSANDRA ALEXANDER and EDD
ALEXANDER,

                Plaintiffs,

                                **ORDER**
          v.                               21-CV-5816 (WFK) (CHK)

THE CITY OF NEW YORK, *et al.*,

                Defendants.
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

      On April 10, 2023, the parties submitted their fully briefed cross-motions for summary judgment, *see* ECF Nos. 42–47, in which Plaintiffs withdrew their sole claim against the City of New York and narrowed the scope of this action to: (1) unlawful entry; (2) unlawful search; (3) false arrest (over-detention and delay of arraignment); (4) due process violations; and (5) excessive force, *see* Pls.' Mem. in Opp'n to Defs.' Mot. for Summ. J. ("Pl. Opp'n") at 9–10, ECF No. 45. On June 13, 2025, the Court held oral argument on the parties' cross-motions. *See* ECF No. 51 (scheduling oral argument). On June 27, 2025, the parties filed supplemental briefing. ECF Nos. 53–54.

      Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "An issue of fact is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[T]he court is not to make credibility determinations or weigh the evidence. 'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Rupp v. Buffalo*, 91 F.4th 623, 634 (2d Cir. 2024) (quoting *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000)). Rather, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal citation omitted). "The same standard of review applies when the Court is faced with cross-motions for summary judgment." *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 349 (E.D.N.Y. 2015) (Chen, J.). "When evaluating cross-motions for summary judgment, the Court reviews each party's motion on its own merits, and draws all reasonable inferences against the party whose motion is under consideration." *Id.* (citing *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001)).

      Plaintiffs seek partial summary judgment on liability as to their claims of unlawful entry, unlawful search, and false arrest. *See generally* Pls.' Mem. in Supp. of Mot. for Partial Summ. J., ECF No. 42-1. Plaintiffs contend "[t]here is no question that Defendants repeatedly violated Plaintiffs' Fourth Amendment right. All the relevant facts are captured on the Defendants' body-worn cameras, and in the official police paperwork, supported by the Defendants' own sworn testimony." *Id.* at 1. Defendants seek summary judgment on all Plaintiffs' claims, arguing, *inter alia*: (1) the defendant officers had probable cause to arrest Plaintiffs; (2) exigent circumstances justified the defendant officers' warrantless entry into Plaintiffs' apartment; (3) the alleged search upon the initial entry into Plaintiffs' apartment was limited to items in plain view; (4) Plaintiffs were not overly detained because they were arraigned approximately forty-seven hours

after arrest; and (5) Plaintiffs did not suffer significant injury from the alleged use of excessive force. *See generally* Defs.' Mem. in Supp. of Mot. for Summ. J. ("Def. Mem."), ECF No. 43-1; Defs.' Reply Mem. in Supp. of Mot. for Summ. J., ECF No. 46.

The parties' recitations of the relevant, material facts—each supported by specific citations to the record of admissible evidence—support both Plaintiffs' claims and Defendants' defenses. For example, Defendants argue they had probable cause to arrest Plaintiffs, but, in his deposition, Defendant Martin admitted the officers had insufficient information at that time to obtain a warrant and bodycam footage indicates the officers had ample opportunity to arrest Plaintiff Cassandra Alexander in the hallway outside her apartment before the entry. *See* Pls.' Exs. 5, 12–14, ECF Nos. 42-8, 42-15, 42-16, 42-17. In addition, while Defendants argue the entry was justified by exigent circumstances—"[the officers] believed that [Plaintiff] Cassandra [Alexander] possibly had a firearm and other evidence inside the location that could potentially be disposed of, hidden, or used to create a danger to herself or the officers on scene"—Plaintiffs point out the officers did not immediately arrest Ms. Alexander after entering the apartment:

> [E]ven if the Defendants were justified in crossing the threshold to arrest [Plaintiffs] Cassandra and Edd [Alexander], they should not have done anything else. Cassandra was in the kitchen, repeatedly telling the officers she did not want them in her apartment, . . . [a]nd Edd was immediately arrested. No matter what the officers were concerned with, all they needed to do was arrest Cassandra, leave the apartment, and post an officer outside while they went to get a warrant. The[] officers were not allowed to stay in the apartment [] searching—for around 30 minutes—after Cassandra and Edd had [been taken into custody].

Def. Mem. at 5; Pl. Opp'n at 14.

Other genuine disputes of material fact permeate this matter and preclude this Court from granting summary judgment to either party. As a result, the Court DENIES the parties' cross-motions for summary judgment and SCHEDULES trial in the above-captioned action to

commence on Monday, February 2, 2025, at 9:30 A.M.  The parties are instructed to follow the pretrial procedures provided in the Individual Motion Practices and Rules of Judge William F. Kuntz, II.  The trial will take place in Courtroom 6H North at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, before the Honorable William F. Kuntz, II.

**SO ORDERED.**

**s/WFK**
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
~~HON~~. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated:  August 14, 2025
         Brooklyn, New York